[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Town of East Haven, seeks a temporary injunction enjoining the defendant from maintaining a wall on property it owns known as #1 Jamaica Court, East Haven, Connecticut.
The plaintiff alleges the offending wall violates the East Haven Flood Damage Prevention and Control Ordinance and the East Haven Fire Zone Ordinance.
 I
Evidence at a hearing on the plaintiff's application or: June CT Page 7276 8, 1998 determined that the wall in question was placed on top of a previously existing foundation that was about 18 inches high.
Upon being advised that the newly constructed portion of this wall violated the first mentioned ordinance, the defendant filed an application for a permit for development in a flood hazard area on May 28, 1997.
This application was apparently denied on July 7, 1997 but the only evidence before the court as to the proceedings on that date is contained in a "Decision — Flood Erosion Commission (sic) Erection/Removal of Wall", dated September 9, 1997. (Exhibit E). This decision makes no reference to a violation of either ordinance, but refers to the wall extending "partly into the rights-of-way of Jamaica Court." Since it was agreed that Jamaica Court is not a town road, the Flood Erosion Board had no jurisdiction to determine such issues and the court does not perceive this decision as a response to the defendant's application.
While it may be argued that the defendant neglected to appeal that decision, the decision, as it stands, and as it was presented to the court, is not actually a denial of the defendant's application. Consequently, the defendant has not violated any order or decision of the board and the court will not grant the relief requested by the town on this record.
As for the defendant's contention that this segment of wall is not included in the coverage of the town code, the court disagrees. Since the language of the code is so general as to include virtually anything and everything erected in the area, its definition would seem to include this wall.
Specifically, in Section 9-41, at pages 562 and 564, these definitions would appear to prohibit the erection of this wall.
Development means any man-made change to improved orunimproved real estate, including, but not limited to, buildings or other structures, mining, dredging, filling, grading, paving, excavating, drilling operations, or permanent storage of materials.
Structure means a walled and roofed building that is principally above ground, a manufactured home, a gas or liquid storage tank or other man-made facilities or infrastructures.
CT Page 7277
(Emphasis added)
 II
As for the alleged violation of the Fire Zone Ordinance, the only evidence before, the court was that a fire zone had been established. Its precise location was not delineated so that the court could ascertain whether the offending structure was encroaching upon it. It is also significant that the foundation upon which the alleged violation was constructed pre-dated the creation of the zone. Further, the court attaches no significance to the sign declaring the existence of the fire zone since that sign is beyond any point fire vehicles would travel and seems to have been so placed to discourage vehicular parking on a ten foot beach access right of way.
Again, on this record me relief requested must be denied.
 CONCLUSION
The court notes that Section 9-82 of the Flood Damage and Control code addresses "variance procedures." Subsequent proceedings relative to this construction should be addressed on the basis of the standards set forth therein.
Anthony V. DeMayo Judge Trial Referee